UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **DECHANDRIA BASS and DWAN BROWN**<br>**Plaintiffs**<br><br>v.<br><br>**HILLSTONE RESTAURANT GROUP, INC. d/b/a HOUSTON'S RESTAURANT, RALPH PRICE, GENERAL MANAGER, and KAYLA HOLLINS, MANAGER,**<br>**Defendants** | Civil Action No.:_____ |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW the Plaintiffs, Dechandria Bass and Dwan Brown, by and through their undersigned attorneys, allege the following causes of actions against Defendants, to-wit:

1. An action for racial discrimination for damages pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000(a) within the jurisdictional limits of this Court and exceeding the sum of $75,000.00, exclusive of attorneys' fees, cost and interest against the herein named defendants.

**PARTIES**

2. At all times material hereto, Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant (hereinafter "Hillstone" or "Houston's") is a foreign corporation, incorporated under the laws of the State of Arizona, qualified to do business in the State of Tennessee. It's principally engaged in the restaurant business, including one restaurant named Houston's located in Memphis, Tennessee. Hillstone conducts regular, sustained business activity in Tennessee

and may be served with process upon its Registered Agent, C T Corporation System, at 300 Montvue Road, Knoxville, TN 37919-5546.

3. At all times mentioned herein, the agents and employees of Defendant Houston's, specifically Ralph Price (hereinafter "Gen. Mgr. Price") and Kayla Hollins (hereinafter "Mgr. Hollins"), were actual or apparent agents of Houston's. Both may be served with process at their place of employment, located at 5000 Poplar Avenue, Memphis, TN, 38117.

4. Plaintiffs include one African American female and one African American male. At all times material hereto, Plaintiffs Dechandria Bass and Dwan Brown were resident citizens of Coahoma County, Mississippi.

## JURISDICTION & VENUE

5. The Court has general in personam and, alternatively, specific in personam jurisdiction over the defendants herein and subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of attorneys' fees, cost and interest against the herein named defendants.

6. This action also arises under federal statutes 42 U.S.C. § 1981 and 42 U.S.C. § 2000(a) within the jurisdictional limits of this Court.

7. Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391 (b)(2) because the events giving rise to this complaint occurred there within.

## STATEMENT OF FACTS

8. At all times relevant herein, Defendant Mgr. Hollins was the acting manager on-duty at the time of the subject incident. At all times relevant herein, Defendant Gen. Mgr. Price was the General Manager at the Houston's – Memphis location.

9. That on or about August 7th, 2022, the Plaintiffs, two African Americans, sought service at Defendant Houston's located at 5000 Poplar Avenue, Memphis, TN, 38117. Plaintiff Bass and her boyfriend, Plaintiff Brown, were visiting Plaintiff Brown's mother and cousin.

10. Plaintiff Brown's mother and cousin were already seated when the Plaintiffs arrived to Defendant Houston's. Plaintiffs entered Houston's, located the mother and cousin, and proceeded to their table.

11. As everyone was talking, Plaintiff Bass noticed a white female walk past her. The woman was later identified as Defendant Mgr. Hollins.

12. A few moments later, Defendant Mgr. Hollins returned to the Plaintiffs table and told them to leave because they smelled like weed. Plaintiffs did not react to Defendant Mgr. Hollins comment because they believed she was talking to someone else since Plaintiffs knew they did not smell like weed.

13. Shortly thereafter, Defendant Mgr. Hollins returned with a police officer and stated to Plaintiffs "I asked you to leave and come back tomorrow because you smell like weed."

14. The Plaintiffs were escorted out of the restaurant. Once Plaintiffs were escorted outside of the establishment, a second officer stated Defendant Hillstone regularly interacted this way towards black patrons.

15. At no time were the Plaintiffs exhibiting any foul body odor or aroma exhibiting an illegal substance, nor were they loud and/or disorderly within the restaurant.

## COUNT I
### (Violation Of 42 U.S.C. § 2000a)

16. The Plaintiffs re-allege and adopts by reference all of the allegations contained in the foregoing paragraphs 1-15, and further alleges:

17.     Houston's restaurant is and at all times mentioned herein has been a place of public accommodation within the meaning of 42 U.S.C. § 2000a. At least part of the motivation for the above-described conduct by defendant Houston's employees and agents was the Plaintiffs' race.

18.     But for Defendants' discriminatory practices described above, Plaintiffs could, and would, visit the subject Houston's restaurant or other Houston's restaurants in the future.

19.     Plaintiffs attempted to avail themselves of the full benefits and enjoyment of a public accommodation, but Defendants denied them, on account of their race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a. Similarly situated white individuals were treated to such services, and received the full enjoyment of such services.

20.     The above-described conduct violates 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation on account of race. Plaintiffs were effectively denied the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of their restaurants on the basis of race, in violation of 42 U.S.C. § 2000a.

21.     The conduct of Defendants constitutes a pattern or practice of resistance to the full and equal enjoyment by African-American persons of rights secured by 42 U.S.C. § 2000a et seq., and the pattern or practice is of such a nature and is intended to deny the full exercise of such rights.

22.     Unless restrained by Order of this Court, the Defendants will continue to refuse to provide African-American persons with the full and equal enjoyment of rights secured to them by 42 U.S.C. § 2000a et seq.

23.     Plaintiffs are entitled to injunctive relief, along with costs and reasonable attorney fees pursuant to 42 U.S.C. § 2000a.

## COUNT II
### (Violation Of 42 U.S.C. § 1981 and 1981 (b))
### CONSUMER RACIAL PROFILING

24.     The Plaintiffs re-allege and adopt by reference all of the allegations contained in the foregoing paragraphs 1-15, and further alleges:

25.     At all times material to this action, Plaintiffs, while seeking food and services from Defendants, presented themselves in a fit and proper manner, both in terms of dress and conduct, and attempted to afford themselves the full benefits and enjoyment of the public accommodation.

26.     Defendants did not provide Plaintiffs with food and services on the same basis as similarly situated white customers, refused to serve the Plaintiffs, and treated the Plaintiffs with such racial animus as to amount to an outright refusal to serve. Defendants' actions were motivated by race.

27.     At all times relevant to the events described herein, servers, managers, and other employees were acting (both apparently and in fact) within the scope of their employment and were acting (both apparently and in fact) in their capacities as employees, agents, and/or representatives of the Defendants.

28.     The discriminatory practices described herein were carried out under the Defendants' direction, authority, control, and supervision, and with the Defendants' consent, encouragement, knowledge, and ratification.

29.     The above-described conduct violates 42 U.S.C. § 1981, which prohibits interference with the right to make and enforce contracts on account of race and implicitly prohibits

consumer racial profiling. At least part of the motivation for the above-described conduct by Defendant Houston's employees and agents was the Plaintiffs' race.

30. As a proximate result of the Defendants' actions, Plaintiffs have suffered, continue to suffer, and will in the future suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

31. As a result of the above-described discrimination, Plaintiffs each suffered feelings of racial stigmatization, and continue to suffer, and will in the future suffer from feelings of racial stigmatization.

32. Plaintiffs are entitled to costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## **INTENTIONAL NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

33. Defendants owed a reasonable duty to the Plaintiffs to exercise good faith and fair dealing in handling Plaintiffs' complaints about the food service where a restaurant is required to publicly accommodate all patrons regardless of race, color, religion, or national origin. Defendants failed to exercise good faith and fair dealing with Plaintiffs' by refusing to render services to the Plaintiffs, then using false assertions that Plaintiffs smelled of marijuana in order to kick them out of the restaurant and publicly shame the Plaintiffs.

34. Plaintiffs maintain that Houston's conduct by and through their employees rose to the level of outrageous conduct witnessed by others that caused public embarrassment and humiliation of Plaintiffs entitling them to compensatory damages without evidence of physical harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant them relief as follows:

(a) Enter a declaratory judgment finding that the actions of the Defendants as alleged in this Complaint violated 42 U.S.C. §§ 1981 and 2000a;

(b) Enter a permanent injunction barring the Defendants from continuing to engage in illegal discriminatory conduct against Plaintiffs and other African-Americans who might visit the subject Houston's or other Hillstone Restaurant Group restaurants in the future;

(c) Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d) Award compensatory damages in an amount of $500,000.00 for each Plaintiff or other amount that would fully compensate Plaintiffs for their damages, including but not limited to their humiliation, embarrassment, emotional distress, and mental anguish caused by Defendants' violations of the law, as alleged in this Complaint;

(e) Award punitive damages to Plaintiffs in an amount sufficient to punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future discriminatory behavior;

(f) Award Plaintiffs their attorneys' fees and costs; and

(g) Order such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this the 11th day of May, 2023.

                                                **DECHANDRIA BASS. et al.,**
                                                **Plaintiffs**

**By**:    _/s/ Carlos E. Moore_____
           **Carlos E. Moore, TNBR# 028649**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive

Page **7** of **8**

P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com