UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DECHANDRIA BASS and DWAN BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> HILLSTONE RESTAURANT GROUP, INC. d/b/a HOUSTON'S RESTAURANT; RALPH PRICE, GENERAL MANAGER, and KAYLA HOLLAND, MANAGER, <br><br> Defendants. | Case No. 2:23-cv-02297-JPM-tmp |

**ORDER GRANTING DEFENDANTS' RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

Before the Court is Defendants Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant, Ralph Price ("Price"), and Kayla Holland's ("Holland") (collectively, "Defendants") Motion to Dismiss with Memorandum in Support, filed on June 15, 2023. (ECF No. 15.) On July 6, 2023, Plaintiffs filed a Response in Opposition to the instant Motion. (ECF No. 20.) On July 12, 2023, Defendants filed a Response in Support of the instant Motion. (ECF No. 22.) For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

I.   BACKGROUND

Plaintiffs' Dechandria Bass ("Bass") and Dwan Brown ("Brown") (collectively "Plaintiffs") are an African American couple, who allege that Defendants: (1) violated 42 U.S.C. § 2000a; (2) violated 42 U.S.C. § 1981; and (3) intentionally/negligently inflicted an emotional distress on the Plaintiffs, by refusing them service in Defendants' restaurant (the "Restaurant").

1

(ECF No. 1 ¶¶ 4, 16-34.) Plaintiffs allege that on or about August 7, 2022, they sought service at the Restaurant. (Id. ¶ 9.) When Plaintiffs entered the Restaurant, they sat down at a table where Brown's mother and cousin were already seated. (Id. ¶ 10.) After a few moments Holland approached Plaintiffs "and told them to leave because they smelled like weed." (Id. ¶ 12.) The Plaintiffs ignored those remarks, "since Plaintiffs knew they did not smell like weed." (Id.) A few moments later, Holland "returned with a police officer and stated to Plaintiffs 'I asked you to leave and come back tomorrow because you smell like weed.'" (Id. ¶ 13.) At this point, the police officer escorted the Plaintiffs out of the restaurant. (Id. ¶ 14.) Once outside, a second police officer "stated Defendant [Holland] regularly interacted this way towards black patrons." (Id.) Plaintiffs allege that "[a]t no time were [they] exhibiting any foul body odor or aroma exhibiting an illegal substance, nor were they loud and/or disorderly within the restaurant." (Id.) Plaintiffs allege that "[a]t least part of the motivation for the above-described conduct by defendant Houston's employees and agents was the Plaintiffs' race." (Id. ¶ 17.)

## II.     LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a cause of action for lack of subject matter jurisdiction. "When a Rule 12(b)(1) motion attacks the factual basis for subject matter jurisdiction, the trial court must weigh the evidence and the plaintiff bears the burden of showing that jurisdiction exists." Atanasovska v. Barr, 640 F. Supp. 3d 816, 817 (W.D. Tenn. 2022). "If a court determines, based on the facts, that it lacks subject matter jurisdiction, the action must be dismissed." (Id.)

### III. ANALYSIS

#### A. Count I: 42 U.S.C. §2000a

Defendants argue that "this Court does not have the subject-matter jurisdiction necessary to address this claim." (ECF No. 15-1 at PageID 38.) Defendants argue that under 42 U.S.C. §2000a-3(c) "if the state where the alleged discriminatory act occurred 'has a law prohibiting racial discrimination in a place of public accommodation and a state or local authority exists which can address such discrimination,' then an aggrieved party must first seek relief from the appropriate state or local body before filing a federal suit." (Id.) Defendants further argue, that because "Tennessee Human Rights Act prohibits the same discriminatory acts and practices prohibited by federal law[,]" and the Tennessee Human Rights commission has ability to address the alleged discrimination, Plaintiffs were required to give written notice to the Tennessee Human Rights Commission prior to filing the instant suit. (Id. at PageID 39 (citing Tenn. Code. Ann. § 4-21-501; Phillips v. Interstate Hotels Corp., 974 S.W.2d 680, 684 (Tenn. 1998); Tenn. Code. Ann. § 4-21-202(9)).) Thus, Defendants argue that "Count I should be dismissed due to Plaintiffs' failure to notify the Tennessee Human Rights Commission prior to filing the Complaint, which renders this Court without subject-matter jurisdiction to adjudicate it." (Id.)

In response, Plaintiffs argue that "Defendants are attempting to avoid liability in this court by alleging this court lacks subject matter jurisdiction." (ECF No. 20-1 at PageID 74.) Plaintiffs argue that Defendants' notion is erroneous because "Defendants' conduct and/or omissions were extreme, despicable, and disgraceful." (Id.) Plaintiffs further argue that there have been several reports of racial discrimination by Defendants, and that without the "Order of this Court, Defendants will continue to refuse to provide African Americans with the full and equal enjoyment of rights secure to them by 42 U.S.C. [§] 2000a[.]" (Id. at PageID 74-5.)

4

In reply, Defendants argue that "Plaintiffs do not address their failure to file a complaint with the THRC at all, and instead ask this Court to allow their claim to proceed because Defendants' actions were allegedly 'extreme, despicable, and disrespectful.'" (ECF No. 22 at PageID 82-3.) Defendants further argue that "Plaintiffs were required to file a complaint with the THRC to give this Court subject matter jurisdiction over their claims[,]" and thus this cause of action should be dismissed. (Id. at PageID 83.)

42 U.S.C. §2000a guarantees all persons "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination on the ground of race, color, religion or national origin." This Court takes claims of racial discrimination at places of public accommodation very seriously. The Court, however, does not get to adjudicate matters over which it has no subject matter jurisdiction. That is the case here. "In this Circuit, the requirement to notify the proper state or local authority, where one exists, is considered jurisdictional in nature." Lewis v. City of Memphis, No. 217CV02036JTFDKV, 2018 WL 11422448, at *3 (W.D. Tenn. May 17, 2018). Under 42 U.S.C. §2000a-3(c), in order for this Court to have jurisdiction over this cause of action, the Plaintiffs must have sought relief from the Tennessee Human Rights Commission ("THRC") under the Tennessee Human Rights Act before filing the instant action. Tenn. Code Ann. § 4-21-501; Tenn. Code Ann. § 4-21-202(9); see also Phillips v. Interstate Hotels Corp. No. L07, 974 S.W.2d 680, 684 (Tenn. 1998) ("Although the language differs slightly, it is clear that the legislature intended the THRA to be coextensive with federal law."). Pursuant to Tenn. Code Ann. § 4-21-302(c) Plaintiffs were required to file their complaint with the THRC within 180 days of the discriminatory act (February 3, 2023). Plaintiffs filed their Complaint on May 11, 2023, three (3) months after this period had elapsed. Thus, Plaintiffs are not able to remedy their omission.

For the foregoing reasons, Count I of the instant case is **DISMISSED WITH PREJUDICE**.

### B.  Count II: 42 U.S.C § 1981

Defendants argue that "[a]lthough Plaintiffs have each alleged that they are members of a racial minority under the first element of a Section 1981 claim, Plaintiffs have failed to allege any facts to establish that Defendants intended to discriminate against Plaintiffs on the basis of their race." (ECF No. 15-2 at PageID 40.)  Defendants argue that §1981 requires a plaintiff to establish that race is a but-for cause of the injury, and Plaintiffs only allege that "'[a]t least part of the motivation for the [alleged discrimination…] was the Plaintiffs' race.'" (Id. at PageID 41.)  Defendants also argue that Plaintiffs fail to show that similarly situated patrons were treated differently due to their race.  (Id. at PageID 41-2.)  Finally, Defendants argue that there is no basis for any claim against Price "because there is no allegation in the Complaint that he had any interaction with Plaintiffs at all." (Id. at PageID 42.)

In response, Plaintiffs argue that "Defendants did not provide Plaintiffs with food and services on the same basis as similarly situated white customers, refused to serve the Plaintiffs, and treated Plaintiffs with such racial animus as to amount to an outright refusal to serve." (ECF No. 20-1 at PageID 75.)  Plaintiff argues that "Defendants' actions were motivated by race[,]" without providing additional support, outside of the facts stated in the Complaint.  (Id.)  Finally, Plaintiffs argue that Holland's allegedly discriminatory practices "were conducted under Defendant Houston's and Defendant Price's direction, authority, control, and supervision[,]" which caused the Plaintiffs to suffer "public embarrassment and humiliation." (Id. at PageID 76.)

In reply, Defendants argue that "Plaintiffs have failed to allege that Defendant Price took any action whatsoever or did anything that could be reasonably construed as discriminatory towards Plaintiffs[,]" as required for personal liability under § 1981.  (ECF No. 22 at PageID 83.)

6

Defendants argue that Plaintiffs have failed to state a viable § 1981 claim because there are no allegations in the Complaint to support a claim that race was the "but for cause of the denial of service." (Id. at PageID 85-6.)

To establish a claim for racial discrimination under 42 U.S.C. § 1981, Plaintiffs must plead and prove that (1) they belong to an identifiable class of persons who are subject to discrimination based on their race; (2) Defendants intended to discriminate against Plaintiffs on the basis of their race; and (3) Defendants' discriminatory conduct abridged a right enumerated in section 1981(a). Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006). Here, Plaintiffs allege that Defendants allegedly racially motivated refusal to provide service in the Restaurant, "violates 42 U.S.C. § 1981, which prohibits interference with the right to make and enforce contracts on account of race and implicitly prohibits consumer racial profiling." (ECF No. 1 ¶ 29.) "When a plaintiff seeks to prove intentional discrimination through circumstantial evidence, courts generally evaluate § 1981 . . . discrimination claims under the same standard as Title VII of the Civil Rights Act of 1964." Gray v. AutoZoners, LLC, 2022 WL 16942609, at *3 (6th Cir. Nov. 15, 2022) (citing Noble v. Brinker Int'l, Inc., 391 F.3d 715, 720 (6th Cir. 2004). Unlike Title VII, however, §1981 requires plaintiff "to establish that race is a "but-for" cause of the injury." Id. (citations omitted).

Here Plaintiffs allege that they were denied services in the Restaurant because of their race. The Plaintiffs also plead in their Complaint that that (1) they were asked to leave because Holland stated that they allegedly smelled like weed, (2) their mother and cousin were able to stay and be served by the restaurant, and (3) they were told they can come back the next day. Under a 12(b)(6) analysis, a claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79.

Taking all well pled facts as true, and ignoring "mere conclusions," the Court has a difficult time finding that Plaintiff's pleading shows that race was the but-for cause of their removal from the Restaurant. All the information regarding racial discrimination at the Restaurant amounts to mere conclusions. For example, Plaintiffs support their claim for racial discrimination with a conclusory statement from an unidentified Police Officer that the restaurant frequently engages in discriminatory conduct. Even taking this assertion as true, Plaintiffs have not pled any facts which show that racial animus was the but-for cause of their removal. Plaintiffs also fail to show that similarly situated individuals from outside the protected class were treated differently. Plaintiffs' conclusory pleadings make it difficult to engage in the circumstantial analysis that the standard requires. For example, it is unclear whether Plaintiffs were the only African Americans in the restaurant that evening. It is also unclear whether other individuals were dismissed from the restaurant for the alleged marijuana smells. Furthermore, Plaintiffs fail to allege that race was the but-for cause of their removal from the Restaurant, as the Complaint clearly states that "**at least part** of the motivation for the above-described conduct … was the Plaintiffs' race." (ECF No. 1 ¶ 29 (emphasis added).)

Neither taking Plaintiffs' assertions that the Defendants' behavior was outrageous, nor interpreting all pled facts in light most favorable to the Plaintiffs, cures the fact that Plaintiffs' have failed to plead the second element required by 42 U.S.C. § 1981. Plaintiffs' Response to the instant Motion, does not address the issue either, instead just restating the same facts already

8

pled in the Complaint.  (See ECF 20-1.)  For the foregoing reasons, Count II is **DISMISSED WITH PREJUDICE.**  Because Count II is dismissed as a whole, the Court does not address any arguments regarding Defendant Price's involvement in the matter.

      **C.**      **Count III: Intentional/Negligent Infliction of Emotional Distress**

Defendants argue that "the conduct described in the Complaint does not rise to the level off outrageousness necessary to support an intentional infliction of emotional distress claim." (ECF No. 15-1 at PageID 43.)  Defendants argue that Plaintiffs failed to show "a serious mental injury resulting from the [Defendants'] conduct," which is a key element required by both negligent infliction of emotional distress ("NIED") and the intentional infliction of emotional distress ("IIED") claims.  (Id. at PageID 44-5.)

In response, Plaintiffs argue that they have shown proximate and cause in fact required by claims of NIED.  (ECF No. 20-1 at PageID 77.)  Plaintiffs also argue that Holland's "conduct rose to the level of outrageous conduct witnessed by others that caused public embarrassment and humiliation to Plaintiffs[,]" and thus "it was foreseeable that Plaintiffs would sustain mental injuries and damages."  (Id. at PageID 78.)  Finally, Plaintiffs argue that "Defendants failed to exercise good faith and fair dealing with Plaintiffs' by refusing to render services to the Plaintiffs, then using false assertions that Plaintiffs smelled of marijuana in order to kick them out of the restaurant and publicly shame the Plaintiffs."  (Id.)

In reply, Defendants argue that: (1) Plaintiffs' allegations are not the type of outrageous conduct that can support an intentional infliction of emotional distress claim[;]" and (2) Plaintiffs fail to allege that their conduct caused a serious mental injury, which is a required element of an intentional or negligent infliction of emotional distress claim."  (ECF No. 22 at PageID 86-7.)

To sustain a claim of IIED, a plaintiff must prove that the defendant's conduct was "(1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted

9

in serious mental injury to the plaintiff." Bazemore v. Performance Food Grp., Inc., 478 S.W.3d 628, 638 (Tenn. Ct. App. 2015).  In order to recover for a NIED claim, the Plaintiff must: (1) satisfy the five elements of ordinary negligence; (2) establish a serious or severe emotional injury; and (3) support their severe injury with expert medical or scientific proof.  See Marla H. v. Knox Cnty., 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011).  Both IIED and NIED require a showing of a serious mental or emotional injury.  The Plaintiff failed to provide any authority supporting the notion that simple "embarrassment and humiliation" would amount to a serious mental or emotional injury.  As such Plaintiff has failed to plead a key element of both IIED and NIED, and thus Count III is **DISMISSED WITH PREJUDICE**.  Given, the Court's finding that Plaintiff failed to plead serious mental or emotional injury, the Court will not address arguments regarding outrageousness of the behavior at issue.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 15) in full.  Plaintiff's Complaint (ECF No. 1) is thus **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of January, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE